# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JOSHUA J. HORKAN,**
        **Plaintiff,**

     v.                                       **Case No. 05-C-1304**

**SEAQUIST CLOSURES,**
        **Defendant.**

## DECISION AND ORDER

Plaintiff Joshua J. Horkan, a pro se litigant, has filed an action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et. seq, alleging that defendant terminated him from his employment in violation of the act. Ordinarily, a plaintiff must pay a statutory filing fee of $250 to bring an action in federal court. 28 U.S.C. § 1914(a). Plaintiff, however, has requested leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915.

Section 1915 is meant to ensure indigent litigants meaningful access to federal courts, Nietzke v. Williams, 490 U.S. 319, 324 (1989), and applies to both nonprisoner plaintiffs and to plaintiffs who are incarcerated, Floyd v. United States Postal Serv., 105 F.3d 274, 275-77 (6th Cir. 1997) ("[T]he only logical interpretation of the statute is that non-prisoners have the option to proceed in forma pauperis under § 1915(a).") Under § 1915, an indigent party may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Plaintiff has filed the required affidavit of indigence. Upon review of that affidavit, it appears that plaintiff could pay at least a portion of the $250 filing fee. Plaintiff receives a monthly income from unemployment of approximately one thousand to thirteen hundred dollars per month. His expenses total approximately nine-hundred fifty dollars per month. He notes that he has approximately one hundred dollars in savings. However, he asserts that his disabling injuries make it difficult to work and notes that he had to use his savings and retirement funds to pay medical and other bills before he was able to collect unemployment. Where it is not economically unfair for a plaintiff to pay a portion of the filing fee, the court has the authority to order payment of a portion of the expense while waiving the remainder. <u>Bryan v. Johnson</u>, 821 F.2d 455, 457 (7th Cir. 1987). I will therefore order plaintiff to pay $25.00 of the filing fee and will waive the remainder.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED IN PART AND DENIED IN PART**. Plaintiff is hereby **ORDERED** to pay $25.00 as his filing fee to the clerk of courts within twenty-one days of the date of this order.

**IT IS FURTHER ORDERED** that the remaining portion of plaintiff's filing fee is waived.

Dated at Milwaukee, Wisconsin, this 22nd day of December, 2005.

s/Lynn Adelman  
LYNN ADELMAN  
U.S. District Judge